UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW CARSON,

    Plaintiff,

-VS-

VERIZON WIRELESS PERSONAL
COMMUNICATIONS, LP d/b/a VERIZON
WIRELESS,

    Defendant.
_____/

CASE NO.: 14CV576-ORL-37KRS

JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Brevard County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

8. Defendant, VERIZON WIRELESS PERSONAL COMMUNICATIONS, LP d/b/a VERIZON WIRELESS (hereinafter "Defendant"), is a corporation with its principal place of business at One Verizon Way, Basking Ridge, NJ 07920 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Defendant called the Plaintiff's cellular telephone approximately one hundred *(100) times* in an attempt to collect a debt owed by an unknown individual known as "Shawn Carter."

11. Plaintiff has had his same cellular telephone number since approximately 2000, the service for said cellular telephone number has likewise been provided by Sprint since approximately 2000.

12. Beginning or about the end of 2013, Plaintiff began receiving automated telephone calls from Defendant to his cellular telephone looking for an individual known as "Shawn Carter," who is unknown to Plaintiff.

13. On multiple occasions Plaintiff would return Defendant's calls and be greeted with a prompt which stated if the number had been called in error, to please press "pound," which Plaintiff did on multiple occasions to no avail as the calls continued.

14. On approximately three (3) occasions, Plaintiff was able to get through to, and speak to, a live agent of the Defendant. Plaintiff explained each time he was not "Shawn Carter," does not know of said person, and to please stop calling his cell phone.

15. On each occasion the Defendant's agents would say they could neither confirm nor deny information due to the fact the Plaintiff was not Shawn Carter, but that ultimately they could not

remove his number and Plaintiff would need to contact his own service provider to Plaintiff to block the Defendant's number from calling him.

16. Plaintiff went to Sprint and had the Defendant's number blocked, however this did little to alleviate the harassment as Defendant began calling Plaintiff from different numbers soon thereafter.

17. Due to the volume of calls, Plaintiff was not able to write down every single call he received from the Defendant, however below is a small sampling of the calls he received to his cellular telephone from Defendant:

    i) January 27, 2014 at 4:01 pm from 321-332-0869

    ii) January 29, 2014 at 10:36 am from 321-332-0495

    iii) January 29, 2014 at 1:46 pm from 321-332-0495

    iv) January 29, 2014 at 3:47 pm from 321-332-0495

    v) January 29, 2014 at 3:48 pm from 321-332-0495

    vi) January 29, 2014 at 8:40 pm from 321-332-0495

    vii) January 29, 2014 at 8:42 pm from 321-332-0495

    viii) January 30, 2014 at 2:07 pm from 321-332-0869

    ix) January 31, 2014 at 1:59 pm from 321-332-0493

    x) February 2, 2014 at 6:34 pm from 321-332-0869

    xi) February 3, 2014 at 2:40 pm from 321-332-0516

    xii) February 3, 2014 at 6:41 pm from 321-332-0493

    xiii) February 3, 2014 at 6:42 pm from 321-332-0493

    xiv) February 3, 2014 at 6:39 pm from 321-332-0493

    xv) February 3, 2014 at 6:52 pm from 321-332-0493

    xvi) February 5, 2014 at 6:41 pm from 321-332-0869

xvii) February 7, 2014 at 11:52 am from 321-332-0495

xviii) February 10, 2014 at 12:34 pm from 321-332-0495

xix) February 10, 2014 at 12:35 pm from 321-332-0495

xx) February 11, 2014 at 11:22 am from 321-332-0869

xxi) February 13, 2014 at 10:03 am from 321-332-0495

xxii) February 14, 2014 at 10:39 am from 321-332-0869

xxiii) February 14, 2014 at 12:23 pm from 321-332-0869

xxiv) February 16, 2014 at 11:25 am from 321-332-0495

xxv) February 16, 2014 at 1:05 pm from 321-332-0495

xxvi) February 17, 2014 at 9:47 am from 321-332-0869

xxvii) February 17, 2014 at 12:07 pm from 321-332-0869

xxviii) February 17, 2014 at 1:24 pm from 321-332-0869

18. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

20. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

21. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

4

22. Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

23. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

25. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

26. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

27. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

28. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

29. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

30. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

31. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

32. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

33. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

34. Plaintiff incorporates Paragraphs one (1) through thirty-three (33).

35. None of Defendant's auto-dialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number, that he did not know "Shawn Carter,", that he did not owe the subject debt, and to stop calling Plaintiff.

37. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

38. Plaintiff incorporates one (1) through thirty-three (33).

39. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

41. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

43. Defendant actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
BHoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff